IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-267-H-3

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| WILLIAM LEON LASSITER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in three counts of a nine-count indictment on 20 December 2012 with: conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base (*i.e.*, crack) no later than in or around 2008, and

continuing up to and including on or about 21 September 2011 in violation of 21 U.S.C. § 841(a)(1) (ct. 1); distribution of a quantity of crack and aiding and abetting the same on or about 20 July 2011 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 2); and distribution of a quantity of crack on or about 26 July 2011 in violation of 21 U.S.C. § 841(a)(1) (ct. 9). The evidence presented at the hearing showed that the charges arise from two controlled purchases of crack from defendant on the alleged offense dates. The amount involved in each transaction was about 12 grams for which defendant paid $600. Police witnessed defendant arrive at the location of the first transaction and the confidential source identified him. The second transaction was audio and video recorded.

The indictment in the instant case was returned on 20 December 2012, but defendant remained at large until he turned himself in on or around 1 March 2013. Defendant had been apprised of the federal charges by at least January 2013, but moved to Fayetteville to live with a girlfriend to avoid apprehension. Although the proposed custodian did not apparently know the whereabouts of defendant at the time, she was aware of the charges and seems to have supported him not turning himself in before March out of their purportedly mutual concern that a leg injury he received would not be properly treated if he were in custody. The injury was a self-inflicted gunshot wound incurred in December 2012. Defendant had an altercation in a bar, went to his car to retrieve a gun, and accidentally shot himself in the leg.

After his arrest, defendant admitted to the two transactions alleged in the indictment and to dealing crack from December 2008 until February 2009 and from September until December 2012. He also said he turned himself in because police had purportedly threatened to arrest a girlfriend of his, other than the one in Fayetteville, if he did not do so.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the duration of defendant's drug trafficking activity and his flight to avoid prosecution; defendant's criminal record, including two felony convictions (albeit nine years old), one misdemeanor conviction, one probation revocation, and violation of probation the other time he was placed on it; defendant's possession of a firearm as a convicted felon in December 2012; the danger of continued drug-trafficking by defendant if released; defendant's apparent marijuana habit; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's involvement in defendant's flight to avoid prosecution and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the fact that he did ultimately turn himself in. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in

custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    This, the 6th day of March 2013.

_____
James E. Gates
United States Magistrate Judge